**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 98-4681

DANIEL FRAGALE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-98-88)

Submitted: September 30, 1999

Decided: October 8, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph C. Cometti, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, John J. Frail, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Fragale pled guilty to conspiracy to possess methamphetamine, see 21 U.S.C. § 846 (1994), and was sentenced to seventy months imprisonment. Fragale contends on appeal that the district court clearly erred in finding that two ounces of methamphetamine possessed by a co-conspirator when she was arrested were attributable to him as relevant conduct. See U.S. Sentencing Guidelines Manual §§ 1B1.3, 2D1.1 (1997). We affirm.

Fragale was arrested after a search warrant was executed at his home while he, a confidential informant, and several other people were waiting for co-conspirator Kim Humphreys to arrive with two ounces of methamphetamine. Humphreys had 100 grams, nearly four ounces of methamphetamine, when she was arrested. At sentencing, Fragale argued that the district court should disregard the additional two ounces of methamphetamine because it would not have been recovered by law enforcement authorities had he not cooperated immediately after his arrest, and instructed Humphreys to come to his house. On appeal, he argues that the additional two ounces should not have been treated as relevant conduct because the government failed to prove that it was within his agreement with Humphreys. Because this argument was not made below, we review the district court's determination of the drug amount for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

Fragale does not contest the other amounts of methamphetamine, cocaine, and marijuana for which he was held responsible. If the two ounces of methamphetamine in question were subtracted, more than 100 kilograms of marijuana equivalent would remain, and his base offense level would not change. Consequently, we find that the district court did not plainly err in determining the amount of drug for which Fragale was responsible.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2